IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joel D. Bieber, ) | |
| ) | C.A. No. 6:08-2215-HMH |
| Plaintiff, ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| South Carolina Commission on Lawyer ) | |
| Conduct; South Carolina Office of the ) | |
| Disciplinary Counsel of the Supreme Court ) | |
| of South Carolina; Christopher G. Isgett, in ) | |
| his official capacity; John Michael Turner, ) | |
| in his official capacity; and Lesley M. ) | |
| Coggiola, in her official capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants' motion to dismiss Plaintiff's complaint. For the reasons set forth below, the court grants Defendants' motion to dismiss on the basis of Younger v. Harris, 401 U.S. 37, 45 (1971), abstention.

### I. Factual and Procedural Background

Plaintiff is an attorney licensed to practice law in the state of South Carolina. In September 2006, a member of the South Carolina bar filed an anonymous complaint against Plaintiff concerning one of Plaintiff's television advertisements. (Compl. ¶ 14.) Plaintiff responded to the complaint in October 2006. On March 19, 2007, following an initial investigation, Defendants informed Plaintiff that the matter would not be dismissed and a full investigation would take place. (Compl. ¶ 15.) Subsequently, on May 16, 2008, Defendants advised Plaintiff that it intended to proceed with the disciplinary proceeding against him. (Compl. ¶ 22.)

Plaintiff filed a complaint against Defendants on June 13, 2008, seeking (1) an injunction

1

to stop the disciplinary proceeding against him, (2) a declaration that the television advertisement that is the subject of the proceeding be declared as non-misleading, (3) a declaration that the South Carolina Appellate Court Rules ("S.C.A.C.R.") Rule 407 § 7.1 is unenforceable and unconstitutional as applied to him and similarly situated advertising attorneys, and (4) an award of attorneys' fees and costs. Shortly after Plaintiff filed suit, Defendants filed formal disciplinary charges against Plaintiff, and filed the present motion to dismiss the case.

Defendants seek dismissal pursuant to Younger abstention. Defendants further move to dismiss Plaintiff's complaint alleging lack of subject matter jurisdiction, failure to state a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, and failure to state a claim because Defendants are immune from suit under the Eleventh Amendment of the United States Constitution. In addition, Defendants seek to dismiss Plaintiff's request for attorneys' fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Lastly, Defendants seek, in the alternative, that the case be transferred to the Columbia Division of the District of South Carolina.

## II. Discussion of the law

Pursuant to the Younger abstention doctrine, a district court is required to abstain from interfering in state proceedings, even if jurisdiction exists, if there is (1) an ongoing or pending state judicial proceeding, instituted prior to any substantial progress in the federal proceedings; that (2) implicates important state interests; and (3) provides the plaintiff with an adequate opportunity to raise the federal constitutional claim advanced in the federal lawsuit. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432-34 (1982); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 165 (4th Cir. 2008). If the elements are satisfied, a district court must abstain from interfering unless there is a "showing of bad faith,

2

harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. The Younger abstention doctrine applies to state attorney disciplinary proceedings. See id. at 433-34.

Plaintiff alleges that Younger abstention is inappropriate in this case because (1) there was no ongoing state judicial proceeding at the time Plaintiff filed this action, (2) Plaintiff lacks an adequate opportunity to litigate his federal claims in the state proceeding, and (3) the disciplinary charges have been brought against him in bad faith and for the purpose of harassment. (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss 5-9).

Plaintiff alleges that because "formal charges" were not filed against him until after he filed a complaint in this action, there was no ongoing state judicial proceeding against him at the time the action was filed. (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss 5). Contrary to this assertion, however, Plaintiff acknowledges in his complaint that Defendants advised him on March 19, 2007, that "the matter would still not be dismissed. Instead, Defendants notified [Plaintiff] they were proceeding with a 'Notice of Full Investigation,'" and on May 16, 2008, "Defendants advised [Plaintiff] that they intended to proceed with full disciplinary proceedings against [Plaintiff]." (Compl. ¶¶ 15, 22) (emphasis added). By his own admission, Plaintiff acknowledges that prior to filing the complaint, Defendants unequivocally alerted Plaintiff that the disciplinary action against him was ongoing and formal charges were pending.

Moreover, the filing of formal charges is not the initial stage of disciplinary proceedings. Disciplinary proceedings begin with screening, followed by a preliminary investigation, full investigation, filing of formal charges, discovery, hearing, and a review by the South Carolina Supreme Court. See S.C.A.C.R. Rule 413, Rules 19, 22, 23, 25, 26, 27. At the time Plaintiff filed the instant action, he was aware that formal charges were pending. Consequently, the first

3

prong of Younger abstention has been met. See Middlesex, 457 U.S. at 431 (stating Younger v. Harris "espouses a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.") (emphasis added).

Plaintiff also alleges that Defendants will not afford him an adequate opportunity to raise his constitutional challenge. Plaintiff has the burden to show that the state procedural law prevents Plaintiff from presenting his federal claims. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987).

"[F]ederal intervention before a state court has had the opportunity to review an agency's decision . . . [creates] a disruption of the State's efforts to protect interests which it deems important." Wilson, 519 F.3d at 166 (internal quotation marks omitted). The purpose of abstention is "to ensure that state courts may construe state law in a way that avoids unwarranted determinations of federal constitutional questions and to maintain comity between the state and federal courts." Id. Accordingly, where a plaintiff fails "to exhaust its administrative remedies, and could have asserted its constitutional claims in the state proceedings . . . [the] principles of comity demand application of Younger abstention." Id. at 167.

Plaintiff has an opportunity to raise his constitutional claims in the hearing before Defendants and on appeal to the South Carolina Supreme Court. Nothing in the disciplinary rules bars Plaintiff from raising his First Amendment challenges. To hold that the state proceedings are inadequate for resolving federal claims would erode the well-established presumption that state courts will safeguard federal constitutional rights. As such, the court finds that Plaintiff is presented with an adequate opportunity to raise his federal claims.

Lastly, Plaintiff alleges that the charges brought against him are the result of bias and harassment because he is an out-of-state attorney who frequently advertises on television. (Pl.'s

4

Mem. Opp'n Defs.' Mot. Dismiss 8). Federal court intervention is allowed where the state proceeding is motivated by a desire to harass or is conducted in bad faith. There is, however, no evidence of bad faith or harassment in the present case. In compliance with the South Carolina Appellate Court Rules Rule 413, Rule 21, Defendants attempted to enter into a proposed agreement with Plaintiff in order to resolve the matter. Plaintiff, however, within his right, refused to accept the terms of the proposed agreement.[1] Defendants' attempt to bring the matter to a halt via a proposed agreement contradicts Plaintiff's allegation of bad faith and harassment. Consequently, the court finds that there is insufficient evidence of bad faith and/or harassment on the part of Defendants.

Based on the foregoing reasons, the court finds that Plaintiff's arguments are without merit and abstains from hearing Plaintiff's federal claims in deference to the state's interest in regulating the professional conduct of the attorneys licensed by the state.[2]

It is therefore

**ORDERED** that Defendants' motion to dismiss, docket number 25, is granted.

**IT IS SO ORDERED**.

                                                                                   s/Henry M. Herlong, Jr.
                                                                                   United States District Judge

Greenville, South Carolina
September 24, 2008

---

[1] In the proposed agreement Plaintiff was asked to admit misconduct and voluntarily submit to a public reprimand. (Defs.' Mem. Supp. Mot. Dismiss 3).

[2] Having granted Defendants' motion to dismiss pursuant to Younger abstention, the court declines to address the additional grounds for dismissal.